[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11723

_____

D.C. Docket No. 6:18-cv-00032-JRH-BWC

WASEEM DAKER,

Plaintiff - Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

Defendant - Appellee,

TIMOTHY WARD, et. al.,
Assistant Commissioner,

Defendants.

_____

No. 19-11849

_____

D.C. Docket No.  6:18-cv-00073-RSB-BWC

WASEEM DAKER,

Plaintiff - Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
HOMER BRYSON,
Former GDC Commissioner,
ASSISTANT COMMISSIONER, DEPARTMENT OF CORRECTIONS,
WARDEN,
Facilities Director,
STEVE UPTON,
Deputy Facilities Director, et al.,

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(August 16, 2021)

Before JORDAN, JILL PRYOR and TJOFLAT, Circuit Judges.

PER CURIAM:

Waseem Daker appeals the district court's *sua sponte* dismissal without prejudice of two actions under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), alleging various constitutional and statutory violations relating to the Georgia Department of Corrections' ("GDC") grooming policy.[1]  Daker is a practicing Muslim.  As part

_____

[1] Daker proceeded *pro se* in the district court in both cases.  We consolidated the appeals when we determined they presented the same question and appointed counsel to represent Daker.

2

of his religion, he must wear a beard at least as long as the width of his fist, about three inches.  GDC requires prisoners to have beards of no longer than half an inch. Along with challenging this policy, Daker alleged in both complaints that GDC has a custom and practice of forcibly shaving him with unsanitized clippers and using excessive force.  Daker maintains that this practice puts him at risk of contracting infectious diseases and sustaining serious injury.

Daker moved to proceed *in forma pauperis* at the time he filed each complaint.  The district court *sua sponte* dismissed both suits under the Prison Litigation Reform Act's "three-strikes" provision, which prohibits inmates who have had three previous civil actions dismissed "on the grounds that [they are] frivolous, malicious, or fail[] to state a claim" from proceeding *in forma pauperis*. 28 U.S.C. § 1915(g).  On appeal, Daker argues that the district court erred because his complaints alleged an imminent danger of serious physical harm—an exception to the three strikes provision.  *Id.*

After we ordered that this case be orally argued, another panel of this Court held that an essentially identical complaint in another of Daker's appeals failed to allege an imminent danger of future harm under § 1915(g).  *Daker v. Ward*, 999 F.3d 1300, 1311–13 (11th Cir. 2021).  Daker himself described the claims in *Daker v. Ward* and the instant cases as similar, and our review confirms that the complaints in all three cases are substantially identical.  Given this similarity, we

3

conclude that this appeal is foreclosed by our decision in *Daker v. Ward*.[2] We thus affirm the district court's dismissal.

**AFFIRMED.**

---

[2] This is not to say that Daker is foreclosed from proceeding under § 1915(g)'s imminent danger of serious physical injury exception for any claim challenging GDC's grooming policy. But on the complaints before us, as in the complaint in *Daker v. Ward*, Daker has not sufficiently alleged that the GDC practices create such a risk.